WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Preston Nance,<br><br>    Plaintiff,<br><br>v.<br><br>Allen Miser, et al.,<br><br>    Defendants. | No. CV 14-0500-PHX-SMM (DKD)<br><br>**O R D E R** |

Plaintiff Keith Preston Nance, who is incarcerated in the Arizona State Prison Complex-Florence, brought this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 1). On January 12, 2015, Plaintiff filed a "Motion for Temporary Restraining Order and Preliminary Injunction." (Doc. 18.) On January 26, 2015, Plaintiff filed a "Motion for Emergency Temporary Restraining Order and Preliminary Injunction." (Doc. 20.) Defendants Ryan, Linderman and Miser filed Responses to Plaintiff's Motions. (Docs. 19, 21.) Plaintiff did not file replies.

The Court will deny Plaintiff's Motions without prejudice.

**I. Background**

 **A. Plaintiff's Complaint**

In his Complaint, Plaintiff alleges one count for violation of his religious exercise rights and names as Defendants Arizona Department of Corrections ("ADC") Director Charles Ryan, Pastoral Administrator Mike Linderman, and Florence Complex Senior

Chaplain Allen Miser.  (Doc. 1.)  Plaintiff seeks injunctive, compensatory, and punitive relief.

Plaintiff alleges that he has been denied halal religious oils and has been restricted from growing a beard more than a ¼-inch long, even though at least one other inmate has been permitted to grow a beard several inches long.  Plaintiff contends that policies concerning halal religious oils and beard restrictions substantially burden his religious exercise and the policies are not the least restrictive means to further any legitimate, compelling penological interest.  He also alleges that the beard-length policy has not been equally enforced as to similarly situated inmates and thereby violates his equal protection rights.  Plaintiff seeks damages and an order allowing him to grow a beard longer than ¼ -inch in length and to purchase halal religious oils.

On screening, the Court found that Plaintiff sufficiently alleged a violation of his First Amendment religious exercise rights, his Fourteenth Amendment equal protection rights, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") and ordered all three Defendants to respond to the Complaint.  (Doc. 11.)

**B.     The Motions**

In his first Motion, Plaintiff seeks an order restraining Defendants and their subordinates "from further inmate disciplinary actions against" Plaintiff regarding enforcement of ADC Department Order ("DO") 704, which prohibits Plaintiff from growing a beard longer than ¼ inch. (Doc. 18 at 1-2.)

Plaintiff avers that in December 2014**,** he was questioned by Lieutenant Silvas about trimming his moustache and growing his beard.  (Doc. 18 at 2.)  Plaintiff explained to Silvas that he is a practicing Muslim and that growing a beard was his sincerely held religious belief.  Plaintiff also told Silvas that he was in litigation challenging the ADC's grooming policy and that in 2012 the ADC settled a similar case involving an inmate's religious beard.

On January 7, 2015, Lieutenant Silvas again spoke to Plaintiff about ADC's grooming policy and informed Plaintiff that he was on disciplinary report as this was the

second time addressing Plaintiff's beard.  (Doc. 18 at 3.)  Plaintiff asserts that he faces irreparable harm because disciplinary action can lead to a loss of privileges and reclassification.  Plaintiff cites to another case involving an inmate's religious beard in which the court issued a temporary restraining order prohibiting officials from further disciplining that inmate "where the disciplinary action had led to reclassification and a transfer from a security level III to a security level IV unit."  (*Id*. (citing Doc. 104 in *Abdullah v. Ryan*, CV 08-255-TUC-CKJ).)

In his second Motion, Plaintiff again seeks an order restraining Defendants and their subordinates "from further disciplinary actions, retaliation, and harassment" regarding DO 704.  (Doc. 20 at 2.)  Plaintiff asserts that on January 14**,** 2015, he appeared before Disciplinary Officer CO III Staab and was found guilty of violating DO 704.02 regarding his beard.  (*Id*. at 3 and Pl.'s Ex. 40.)  On January 21, 2015, Plaintiff encountered Lieutenant Silves[1] and explained that the Supreme Court had issued a decision on January 20 allowing inmates "to grow beards in compliance with sincerely held religious beliefs."  (Doc. 20 at 3.)  Silves told Plaintiff that she will enforce ADC policy until the chaplain informs her of the Supreme Court decision.  Plaintiff states that he was placed on report a second time and faces irreparable harm because the disciplinary actions by Silves will lead to Plaintiff losing privileges and being reclassified to a higher custody unit.

In response to Plaintiff's Motions, Defendants assert that in light of the Supreme Court's decision in *Holt v. Hobbs*, 135 S. Ct. 853, __ U.S. __ (Jan. 20, 2015), they "are prepared to maintain the status quo, allow [Plaintiff] a ½-inch religious shaving waiver, and refrain from disciplining, withdrawing privileges, or reclassifying him for keeping a beard up to that length."  (Doc. 21 at 1.)  Defendants assert that the Disciplinary Report attached to Plaintiff's second Motion does not specify the length of Plaintiff's beard and

---

[1] In his first Motion, Plaintiff wrote "Lieutenant Silvas" and in his second Motion wrote "Lieutenant Silves" and so it is not clear Plaintiff is speaking about the same person in the two Motions.

only states that it "was grown past authorized lengths." (*Id*. at 1-2.) Defendants aver that as long as Plaintiff "maintains facial hair no greater than ½ inch in length, Defendants do not anticipate any further disciplinary action." (*Id*. at 2.) Defendants therefore contend that "no injunctive relief is necessary or appropriate." (*Id*.)

Plaintiff did not file a Reply to Defendants' Response.

## II. Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law

clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III.  Discussion

In failing to file a reply, Plaintiff does not contest Defendants' assertions that they will comply with the standard announced in *Holt v. Hobbs*. In *Holt*, the prisoner plaintiff used RLUIPA to challenge the Arkansas Department of Corrections' grooming policy, which prohibited prisoners from growing beards at all, except for those with diagnosed skin conditions, who were allowed to grow ¼-inch beards. 135 S. Ct. at 856-57. The plaintiff, a devout Muslim, sought an exemption from the policy to grow a beard based on his religious beliefs. Although he believed his faith required him not to trim his beard at all, the plaintiff proposed a compromise allowing him to maintain a ½-inch beard, but prison officials denied his request. The Supreme Court held that the Arkansas Department of Corrections' grooming policy violated RLUIPA "insofar as it prevents petitioner from growing a ½-inch beard in accordance with this religious beliefs." *Id.* at 867.

In this case, because Defendants state that they are willing to comply with *Holt* and will refrain from disciplining Plaintiff if he keeps his beard at no more than ½ inch, Plaintiff has not shown that he is likely to succeed on the merits of his claim.

As to the irreparable injury factor, Plaintiff argues in his Motions that "without an injunction he will continue to suffer disciplinary consequences arising from his failure to comply with ADOC's grooming policy" and that disciplinary actions by Lieutenant Silves will lead to a loss of privileges and a higher custody level. ((Doc. 18 at 9; Doc. 20 at 4.) Defendants respond that in light of *Holt* they will refrain from disciplining,

withdrawing privileges, or reclassifying Plaintiff for keeping a beard up to ½-inch long. Because Plaintiff has not replied to Defendants' assertion that they will comply with *Holt*, Plaintiff has failed to meet his heightened burden of showing irreparable injury.

Nor has Plaintiff shown what hardships he will suffer, if any, by Defendants allowing him to keep a ½-inch beard; therefore, he has failed to show that the balance of equities tips in his favor.

Finally, Plaintiff argues that the public interest "is best served when the state is required to comply with federal law." (Doc. 18 at 9-10.) Defendants respond that they will comply with the Supreme Court's recent decision in *Holt* and allow Plaintiff a ½-inch beard and will refrain from disciplining, withdrawing privileges, or reclassifying Plaintiff for keeping a beard up to ½-inch long. Because Plaintiff has not replied to Defendants' assertion that they will comply with *Holt*, Plaintiff has failed to meet his heightened burden to show it is in the public interest to grant some other type of preliminary relief.

In sum, Plaintiff has failed to meet his burden on each element of the *Winter* test. Accordingly, Plaintiff's Motions for a preliminary injunction and temporary restraining order are denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 18) and "Motion for Emergency Temporary Restraining Order and Preliminary Injunction (Doc. 20).

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

(2) Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 18) and Plaintiff's "Motion for Emergency Temporary Restraining Order and Preliminary Injunction (Doc. 20) are **denied without prejudice**.

DATED this 24th day of March, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge