WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith Preston Nance,<br><br>               Plaintiff,<br><br>v.<br><br>Allen Miser, et al.,<br><br>               Defendants. | No. CV 14-0500-PHX-SMM (DKD)<br><br>**O R D E R** |

      On January 12 and 26, 2015, Plaintiff Keith Preston Nance filed two motions for injunctive relief.  Defendants filed responses to both motions, but Plaintiff did not file replies.  In a March 24, 2015 Order, the Court denied Plaintiff's requests for injunctive relief.  (*See* Doc. 22.)

      On April 4, 2015, Plaintiff filed a "Motion to Take Judicial Notice" and "Plaintiff's Reply in Support of Motion for Temporary Restraining Order and Preliminary Injunction." (Docs. 33, 34.)  In his Motion to Take Judicial Notice, Plaintiff asserts that Defendants did not serve him with their responses to his motions for injunctive relief; therefore, the Court's Order "was based upon ex parte filing by the Defendants." (Doc. 33 at 2.)

      It appears that Plaintiff now wants the Court to consider his Reply in Support of Motion for Temporary Restraining Order and Preliminary Injunction.  Therefore, the Court will construe Plaintiff's Motion to Take Judicial Notice as one for reconsideration of the March 24, 2015 Order.  The Court will deny the motion for reconsideration.

## I. Background

Plaintiff, a Muslim incarcerated at the Arizona State Prison Complex-Florence, filed a Complaint alleging in part that he had been restricted from growing a beard more than a ¼-inch long. (Doc. 1.) On January 12 and 26, 2015, Plaintiff filed two motions seeking injunctive relief from further inmate disciplinary actions regarding enforcement of ADC Department Order ("DO") Number 704, which prohibits an inmate from growing a beard longer than ¼ inch. (*See* Docs. 18, 26.)

Defendants filed responses to Plaintiff's motions on January 26 and February 9, 2015. (Docs. 19, 21.) In their second response, Defendants asserted that in light of the Supreme Court's decision in *Holt v. Hobbs*, 135 S. Ct. 853, __ U.S. __ (Jan. 20, 2015), they "are prepared to maintain the status quo, allow [Plaintiff] a ½-inch religious shaving waiver, and refrain from disciplining, withdrawing privileges, or reclassifying him for keeping a beard up to that length." (Doc. 21 at 1.) Because of this allowance, Defendants maintained that "no injunctive relief is necessary or appropriate." (*Id.*)

In the March 24, 2015 Order denying Plaintiff's requests for injunctive relief, the Court noted that Plaintiff had failed to file a reply to Defendants' assertion that they will comply with the standard announced in *Holt*, which held that the Arkansas Department of Corrections' grooming policy violated RLUIPA "insofar as it prevents petitioner from growing a ½-inch beard in accordance with his religious beliefs." (Doc. 22 at 5 (quoting *Holt*, 135 S. Ct. at 867).)

The Court considered Plaintiff's motions and found that Plaintiff failed to meet his burden on each element of the test for injunctive relief announced in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). (Doc. 22 at 6.) Specifically, the Court found that because Defendants stated that they are willing to comply with *Holt* and refrain from disciplining Plaintiff if he keeps his beard at no more than ½ inch, Plaintiff had not shown that he is likely to succeed on the merits of his claim. (*Id.* at 5-6.) The Court also found that because Plaintiff had not replied to Defendants' assertion that they will comply with *Holt*, Plaintiff had failed to meet his heightened burden of showing

irreparable injury. (*Id*. at 6.) Nor had Plaintiff shown what hardships he would suffer, if any, by Defendants allowing him to keep a ½-inch beard, and he failed to meet his heightened burden of show it is in the public interest to grant some other type of preliminary relief. (*Id*.)

**II.   Motion to Take Judicial Notice**

On April 6, 2015, Plaintiff filed his Motion to Take Judicial Notice. (Doc. 33.) In his Motion, Plaintiff asserts that Defendants never served him with their responses to his motions for injunctive relief. As support, Plaintiff attached a request he made to CO II Slade for copies of the incoming legal mail log for the South Unit for February and March 2015. (Doc. 33 at 3.) Plaintiff also attached redacted copies of "Incoming Legal/Certified Mail" logs, which apparently show he received legal mail on February 2 and 12, 2015 and on March 5, 6 and 9, 2015. (*Id.* at 4-9.) Because these log pages do not reflect incoming mail from Defendants related to Plaintiff's preliminary injunction requests, Plaintiff apparently argues that Defendants did not serve their Responses on him. Plaintiff now asks the Court to impose sanctions under Federal Rule of Civil Procedure 11 in the form of an order that all future correspondence to Plaintiff from Defendants be mailed to him by certified mail requiring a signed receipt. (Doc. 33 at 2.)

Defendants respond that while the mail logs do show that Plaintiff received some mail from Defendants, there do not appear to be any entries for Defendants' January 26 and February 9, 2015 responses to Plaintiff's first and second motions for a preliminary injunction. (Doc. 36 at 1-2.) Nevertheless, Defendants argue "it does not automatically follow that Defendants and/or undersigned were in derogation of their service obligations." (*Id.* at 2.) Defendants attached a Declaration from legal secretary Colleen Jordan attesting that she filed and served Defendants' responses on Plaintiff via U.S. Mail "consistent with the certificate attached," and that neither she nor Defendants' counsel received their responses in return or undelivered mail. (*Id.* and Doc. 36-1 ¶¶ 5-6.) Therefore, Defendants argue that "the missing document is not attributable to Defendants, undersigned, or Ms. Jordan" and that Rule 11 sanctions are inappropriate

1  because Plaintiff has failed to identify how Defendants or their counsel violated the rule.
2  (Doc. 36 at 2.)

3  The Court finds that Plaintiff has not demonstrated that he did not receive
4  Defendants' responses due to any failure on Defendants' part or that Defendants have
5  otherwise violated Rule 11.  The Certificate of Service on each of Defendants' responses
6  certifies that the responses were transmitted electronically to the Court and served by
7  mail on Plaintiff.  (*See* Doc. 19 at 7, Doc. 21 at 2.)  Also, Defendants' secretary has
8  avowed, under penalty of perjury, that she served the documents on Plaintiff via U.S.
9  Mail.  Thus, Defendants' service of their responses were in compliance with Federal
10 Rules of Civil Procedure 5(b)(2)(C), 5(d)(1) and 5(d)(3), as well as Local Rule of Civil
11 Procedure 5.5(b).  Accordingly, the Court will deny Plaintiff's request for Rule 11
12 sanctions and an order requiring Defendants to mail all future correspondence to Plaintiff
13 by certified mail.

14 **III.    Plaintiff's Reply in Support of Motion for Temporary Restraining Order**

15 In his Reply, Plaintiff repeats many of the arguments he previously made in his
16 two motions for injunctive relief, and he does not specifically address Defendants'
17 assertion that they will now allow Plaintiff a ½-inch shaving waiver in light of *Holt.*

18 In a Declaration attached to his Reply, Plaintiff says he sent Defendant Linderman
19 an Inmate Letter on January 20, 2015, stating that in *Holt*, the Supreme Court
20 "unanimously voted in favor of inmates growing full beards in compliance with their
21 sincerely held religious beliefs."  (Doc. 34 at 9 ¶ 12).  Plaintiff asked Linderman for
22 "authorization to modify [his] current shaving waiver which reads ¼ inch be changed to
23 accommodate [his] growing a full beard without being subjected to disciplinary report as
24 a practicing Muslim."  (*Id.*)  According to Plaintiff, Linderman responded on March 4,
25 stating that Plaintiff either "misunderstand[s] or ha[s] misrepresented the [*Holt*]
26 decision"; that "compliance with current policy is required"; and that "ADC is reviewing
27 current policy in light of the decision and if/when changes are made, inmates will be
28 notified."  (*Id.* ¶ 13.)  Plaintiff argues that the current ¼-inch policy "is the last actual and

contested state of affairs that preceded this litigation and remains preserved." (*Id.* at 10 ¶ 19.)

Plaintiff also asserts that ADC officials have not informed him "that they are prepared to maintain the status quo, allowing the Plaintiff a ½ inch religious shaving waiver, and refrain from disciplining, withdrawing privileges, or reclassifying him for keeping a beard up to that length." (Doc. 34 at 12 ¶ 29.) Finally, Plaintiff argues that "Defendants proposal to provide the Plaintiff ½ inch beard infringes upon his sincerely held religious belief[;] he's commanded to grow a full beard." (*Id.* at 13 ¶ 34.)

**IV. Legal Standard and Analysis**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Here, Plaintiff has not presented any basis for the Court to reconsider its March 24 Order. Plaintiff has not presented any newly discovered evidence. While Plaintiff asserts in his Declaration that ADC officials have not informed him that they will allow him a ½-inch shaving waiver, he does not say that he has been disciplined since then for maintaining a beard of ½ inch or less. It appears that Plaintiff is arguing that even if

Defendants do allow him a ½-inch beard—the current allowance under controlling law—his constitutional rights are still violated. Plaintiff's disagreement with the law, however, is not a basis for reconsideration. There has not been any intervening change in controlling law since *Holt,* and Plaintiff has not demonstrated that the Court committed clear error or that its initial decision was manifestly unjust.

Because Plaintiff has failed to state any valid basis for the Court to reconsider its March 24, 2015 Order, Plaintiff's Motion to Take Judicial Notice, which the Court construes as a motion for reconsideration, is denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's "Motion to Take Judicial Notice" (Doc. 33), which the Court construes as a motion for reconsideration.

(2) Plaintiff's Motion to Take Judicial Notice (Doc. 33) is **denied without prejudice**.

DATED this 22nd day of May, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge